WILLIAMS, J.
| ]The defendant, Roy Pee, was charged by bill of information with three counts of distribution of heroin, violations of LSA-R.S. 40:966(A)(1), and one count of possession of marijuana, second offense, a violation of LSA-R.S. 40:966(E). Pursuant to a plea agreement, the defendant pled guilty to the three counts of distribution of heroin in return for concurrent sentences of 10 years at hard labor on each count, with the first five years of each sentence to be served without the benefit of parole, probation or suspension of sentence, plus a $5,000 fine.
As part of the same plea agreement, the defendant pled guilty to two counts of distribution of hydrocodone under a separate docket number and admitted to violating his probation in another case. The state agreed to dismiss the charge of possession of marijuana, second offense, and two additional charges of distribution of hydrocodone. In accordance with the terms of the plea agreement, the district court imposed concurrent sentences of 10 years at hard labor on each count of distribution of hydrocodone, to be served concurrently with the other sentences, and ordered the original sentence on the probation revocation case executed, with half of that sentence to be served concurrently *70 with the 10-year sentences and the other half to be served consecutively. This appeal followed.
DISCUSSION
The defendant’s appellate counsel has filed a motion to withdraw, together with an Anders brief, alleging that there are no non-frivolous issues to raise on appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir. 1990). The brief outlines the procedural history of the case and the plea agreement under which the defendant’s guilty pleas were entered, including the agreement regarding his sentences. Defense counsel states that he has mailed copies of the motion to withdraw and his brief to the defendant, in accordance with Anders, Jyles, Mouton, and Benjamin, supra. The defendant was given an opportunity to file a brief, but has not done so.
LSA-C.Cr.P. art. 881.2(A)(2) provides that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. Here, the record shows that defendant was properly advised of his Boykin rights before he pled guilty and that the sentences were imposed in conformity with the plea agreement, which was set forth in the record. Thus, the appellate counsel has shown that defendant cannot appeal the sentences imposed and that no non-frivolous errors can be found after a conscientious review of the record. We have examined the record for error patent and found none.
CONCLUSION
For the foregoing reasons, the appellate counsel’s motion to withdraw is hereby granted and defendant’s convictions and sentences are affirmed.
MOTION TO WITHDRAW GRANTED; CONVICTIONS AND SENTENCES AFFIRMED.