LOLLEY, J.
h Otis Ray Thomas was convicted by the 26th Judicial District Court, Parish of Bossier, State of Louisiana, of two counts of felony theft over $500.00 in violation of La. R.S. 14:67(B)(2). Thomas received two sentences of 10 years’ hard labor to run consecutively. For the following reasons, we affirm Thomas’s convictions and sentences.
FACTS
On August 6, 2008, Thomas took a vehicle belonging to Danny Allen with the use óf a firearm in Bossier City, Louisiana. Thomas sold this vehicle to purchase cocaine. The next day Thomas committed an identical crime when he stole a vehicle belonging to Jennifer Hoppaugh with the use of a firearm. Thomas was arrested and charged by bill of information with one count of armed robbery with a firearm and one count of second degree kidnapping for the offenses committed against Allen and an identical set of charges for the offenses committed against Hoppaugh. Pursuant to a plea agreement, Thomas pled guilty to two counts of felony theft, middle grade, in violation of La. R.S. 14:67(B)(2), and the State agreed not to charge Thomas as a multiple offender. Additionally, Thomas agreed to serve two consecutive 10-year sentences. Thomas waived his sentencing delays and was sentenced by the trial court as he agreed. Thomas now appeals.[1]
DISCUSSION
Thomas’s appellate counsel has filed an Anders brief, which alleges no non-frivolous issues to raise on appeal and seeks the withdrawal of counsel. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d, 493 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242, writ denied, 1999-3018 (La.03/31/00), 759 So.2d 69; State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). The brief outlines the procedural history and facts of the case set forth by the State. The brief also contains “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” Jyles, at 242. The State filed a letter with this Court agreeing that there are no nonfrivolous issues to raise on appeal. Appeal counsel has verified the mailing of copies of his notice to withdraw *252 and brief to the defendant in accordance with Anders, Jyles, and Benjamin, supra.
La. C. Cr. P. art. 881.2(A)(2) provides that a defendant, cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Pee, 47,261 (La.App.2d Cir.09/26/12), 107 So.3d 69. Here, the transcript of the plea hearing clearly reflects that Thomas agreed to serve two consecutive sentences of 10 years in exchange for the State’s promise not to seek enhancement of his sentences under the Habitual Offender Law. He was advised of his Boykin rights and knowingly and voluntarily pled guilty to two counts of felony theft. In accepting the terms of his plea agreement and ultimately pleading guilty, Thomas cannot now seek review of his sentence. The appellate counsel has shown that defendant cannot appeal the sentences imposed and that no non-frivolous errors can be found after a conscientious review of the record. We have examined the record for error patent and found none.
|aCONCLUSION
For the foregoing reasons, the motion to withdraw is granted, and the convictions and sentences of Otis Ray Thomas are affirmed.
MOTION TO WITHDRAW GRANTED; CONVICTIONS AND SENTENCES AFFIRMED.

. The two cases have been consolidated for the purposes of this appeal.