LOLLEY, J.
hThe defendant, Richard L. Coleman, pled guilty to distribution of cocaine with an agreed-upon sentencing cap of seven years at hard labor. Coleman was subsequently sentenced to serve seven years at hard labor, with the first two years to be served without the benefit of parole, probation, or suspension of sentence. Coleman now appeals. His appellate counsel filed a motion to withdraw, together with a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that there are no nonfrivo-lous issues upon which to base an appeal. For the reasons stated herein, the motion to withdraw is granted, and Coleman’s conviction and sentence are affirmed.
*1192 Facts
On March 23, 2011, Coleman was charged by bill of information with distribution of cocaine, in violation of La. R.S. 40:967. Pursuant to a plea agreement, Coleman subsequently appeared before the trial court and pled guilty as charged. Under the plea agreement, the parties agreed that Coleman would be sentenced by the trial court after a presentence investigation report (“PSI”), subject to a sentencing cap of seven years at hard labor. During the guilty plea colloquy, Coleman admitted to facts in support of his guilty plea, noting that on December 16, 2010, a man approached him and gave him $20.00. Coleman explained that he then went into “one of the dope houses,” bought cocaine, and took the cocaine back to the man. The man gave him some of the cocaine and an additional $20.00 so that Coleman could buy soap and washing powder. Coleman was | ¡¡arrested and charged by bill of information with distribution of cocaine, a violation of La. R.S. 40:967.
At his guilty plea, Coleman was advised of his rights pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Once the defendant waived his rights, the trial court accepted his guilty plea and ordered a PSI. Subsequently, after reviewing the PSI, the trial court sentenced Coleman, as agreed, to serve seven years at hard labor, with the first two years to be served without the benefit of parole, probation, or suspension of sentence.
Coleman filed a pro se motion for appeal, which the trial court granted. Coleman’s trial attorney filed a motion to be relieved as counsel of record, and subsequently this court granted the motion and ordered the trial court to determine whether Coleman was indigent and therefore entitled to the appointment of appellate counsel. Following a hearing, the Louisiana Appellate Project was appointed to represent Coleman on appeal.
Coleman’s appellate counsel filed an An-ders brief, seeking to withdraw, alleging that no nonfrivolous issues existed to raise on appeal. See Anders v. California, supra; State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242; State v. Mouton, 95-0981 (La.04/28/95), 653 So.2d 1176; State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). The brief outlines the procedural history and facts of the case and the agreement under which Coleman’s guilty plea was entered. The brief also contains “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” Jyles, supra at 242. Defense counsel further verified mailing copies of the motion to withdraw and his brief to Coleman, in accordance with An-ders, Jyles, Mouton, and Benjamin, supra. In addition, the State filed a brief in this matter agreeing that no nonfrivolous issues exist to raise on appeal.
On June 12, 2013, this court issued an order holding the motion to withdraw in abeyance, rescinding the pro se briefing deadline, and notifying Coleman that he could file a brief in this appeal within 30 days of the date of the order and file a request to view the appellate record within 10 days of the date of the order. Coleman was further advised that if no brief was timely filed, the appellate record would be reviewed only for error patent. Coleman informed this Court by letter of his intent to file a supplemental brief, and a copy of the appellate record was sent to the records custodian of the Franklin Parish Detention Center, where Coleman is being held. Nonetheless, Coleman has failed to file a supplemental brief in his appeal within the allocated time period in which to do so.
*1193 Discussion
As stated, Coleman’s appellate counsel has filed an Anders brief, which alleges no nonfrivolous issues to raise on appeal and seeks the withdrawal of counsel. See Anders; Jyles; Benjamin, supra. The brief outlines the procedural history and facts of the case set forth by the State. The brief also contains “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” Jyles, supra at 242. The State filed a letter with this Court agreeing that there are no non-frivolous issues to raise on appeal. Appellate |4counsel has verified the mailing of copies of his notice to withdraw and brief to the defendant in accordance with An-ders, Jyles, and Benjamin, supra.
Louisiana C. Cr. P. art. 881.2(A)(2) provides that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Pee, 47,261 (La.App.2d Cir.09/26/12), 107 So.3d 69. Here, the transcript of the guilty plea hearing clearly reflects that Coleman agreed to the sentence. He was advised of his Boykin rights and knowingly and voluntarily pled guilty to distribution of cocaine. In accepting the terms of his plea agreement and ultimately pleading guilty, Coleman cannot now seek review of his sentence. The appellate counsel has shown that Coleman cannot appeal the sentence imposed and that no nonfrivolous errors can be found after a conscientious review of the record. We agree that this matter has no nonfrivolous issues to raise on appeal. Further, we have examined the record for error patent and found none. Thus, for the foregoing reasons, the motion to withdraw by appeal counsel is granted, and Richard L. Coleman’s conviction and sentence are affirmed.
MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED.