LOLLEY, J.
|, Martonius Frazier was charged by bill of information in August 2012 with armed robbery, a violation of La. R.S. 14:64. He subsequently pled guilty and was sentenced to 20 years at hard labor, without benefit of probation, parole, or suspension of sentence. After Frazier’s motion to reconsider sentence was denied, this appeal ensued. Frazier’s appellate counsel filed a motion to withdraw, together with a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that there are no nonfrivolous issues upon which to base an appeal. For the reasons stated herein, the motion to *1256 withdraw is granted, and Frazier’s conviction and sentence are affirmed.
Facts
At Frazier’s guilty plea hearing, he agreed with the State’s recitation of the facts underlying the charges against him, including the following. On July 4, 2012, in Springhill, Louisiana, Frazier went to the home of Rapheal Armstead to purchase marijuana. However, when Frazier believed he was given less marijuana than he was owed, he pulled a shotgun on Arm-stead and argued with him. Frazier ultimately shot Armstead in the hand, grabbed some money from Armstead’s room, and fled. Shortly thereafter, he was arrested and ultimately charged by bill of information with armed robbery, a violation of La. R.S. 14:64.
At his guilty plea, Frazier was advised of his rights pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Once the defendant waived his rights, the trial court accepted his guilty plea and ordered a presentence investigation report (“PSI”). At a subsequent hearing, |aafter reviewing the PSI, the trial court sentenced Frazier to serve 20 years at hard labor for the armed robbery conviction, without the benefit of parole, probation, or suspension of sentence.[1]
Frazier’s appellate counsel filed an An-ders brief, seeking to withdraw, alleging that no nonfrivolous issues existed to raise on appeal. See Anders v. California, supra; State v. Jyles, 1996-2669 (La.12/12/97), 704 So.2d 241, 242; State v. Mouton, 1995-0981 (La.04/28/95), 653 So.2d 1176; State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). The brief outlines the procedural history and facts of the case and the agreement under which Frazier’s guilty plea was entered. The brief also contains “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” Jyles, supra at 242. Defense counsel further verified mailing copies of the motion to withdraw and his brief to Frazier, in accordance with Anders, Jyles, Mouton, and Benjamin, supra. Additionally, in a letter to the court, the State has expressed agreement that no nonfrivolous issues exist to raise on appeal.
On October 10, 2013, this court issued an order holding the motion to withdraw in abeyance, rescinding the pro se briefing deadline, and notifying Frazier that he could file a brief in this appeal within 30 days of the date of the order and file a request to view the appellate record within 10 days of the date of the order. Frazier was further advised that if no brief was timely filed, the appellate record would be reviewed only for error patent. ^Nonetheless, Frazier failed to file a supplemental brief in his appeal within the allocated time period in which to do so.
Discussion
Appellate counsel’s brief, containing no assignments of error, conforms with the procedures set forth in Anders v. California, supra, and State v. Jyles, supra. The appellate brief reviewed the procedural history of the case and stated that after a thorough review of all the pleadings filed in the trial court, the court proceedings, and all transcripts contained in the record, no nonfrivolous issues could be advanced for appellate review. Appellate counsel particularly pointed out that Frazier was sentenced in accordance with his plea agreement and that under La. C.Cr.P. art. 881.2(A)(2), a defendant cannot appeal or seek review of a sentence imposed in con *1257 formity with a plea agreement which was set forth in the record at the time of the plea. Counsel referenced State v. Dorthey, 623 So.2d 1276 (La.1993), pointing out that the benefit Frazier received from his plea bargain coupled with the great discretion of the sentencing court renders meritless any claim of constitutional exces-siveness. Counsel also verified sending a copy of the appellate brief and the motion to withdraw to Frazier.
Louisiana C.Cr.P. art. 881.2(A)(2) provides that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Pee, 47,261 (La.App.2d Cir.09/26/12), 107 So.3d 69. Here, the transcript of the guilty plea hearing clearly reflects that Frazier agreed to a sentencing cap of 40 years. He was advised of his Boykin rights and |4knowingly and voluntarily pled guilty to armed robbery. The appellate counsel has shown that Frazier cannot successfully appeal the sentence imposed and no nonfrivolous errors can be found after a conscientious review of the record. We agree that this matter has no nonfrivolous issues to raise on appeal. Further, we have examined the record for error patent and found none. Thus, for the foregoing reasons, the motion to withdraw by appeal counsel is granted, and Martonius Frazier’s conviction and sentence are affirmed.
MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED.

. The sentence was ordered to be served consecutively to a two and a half year sentence in a separate matter.